UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-13566-GAO

PARIS MCVICKAR and LESLIE MCVICKAR,
Plaintiffs,

v.

ATHAR PAVIS-ROUNDS,
Defendant.

OPINION AND ORDER
February 11, 2015

O'TOOLE, D.J.

## I. Background

This action concerns defendant Athar Pavis-Rounds' conduct as trustee of the Peter Rounds 2004 Revocable Trust. Paris and Leslie McVickar, who are beneficiaries of the trust, allege that the defendant diluted trust assets and allocated trust assets in violation of written directives in the trust. Pavis-Rounds has moved to dismiss this action. She asserts, among other arguments, that she is not subject to personal jurisdiction in Massachusetts. Because this Court agrees it lacks personal jurisdiction over the defendant, it will not reach Pavis-Rounds' other grounds for dismissal.

## II. Discussion

To establish personal jurisdiction absent an evidentiary hearing, a plaintiff need only make a prima facie showing that the defendant is subject to personal jurisdiction. United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001). In the prima facie analysis, the Court must accept as true "'properly supported proffers of evidence by a plaintiff.'" Id. at 619

(quoting United Elec. Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 987 F.2d 39, 44 (1st Cir. 1993)).

A plaintiff must demonstrate that the exercise of personal jurisdiction over a defendant satisfies both the state long-arm statute and federal due process requirements. U.S.S. Yachts, Inc. v. Ocean Yachts, Inc., 894 F.2d 9, 11 (1st Cir. 1990). The plaintiffs contend that personal jurisdiction exists under subsection (a) of the Massachusetts long-arm statute, which authorized jurisdiction when the claim arises from the defendant's "transacting any business in this commonwealth." M.G.L. ch. 223A, § 3(a). However, because the Massachusetts long-arm statute is coextensive with the due process requirements of the Constitution, the Court may sidestep the statutory analysis and proceed directly to the due process inquiry. Adams v. Adams, 601 F.3d 1, 5 (1st Cir. 2010); Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 52 (1st Cir. 2002).

Due process requires that a defendant have minimum contacts with the state and that "maintenance of the suit [will] not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal citation omitted). A plaintiff may establish personal jurisdiction by satisfying the requirements of either general or specific jurisdiction. Harlow v. Children's Hosp., 432 F.3d 50, 57 (1st Cir. 2005).

### A. General Jurisdiction

General jurisdiction exists when an out-of-state defendant conducts systematic and continuous activity in the state, even though the activity does not relate to the relevant suit. Int'l Shoe Co., 326 U.S. at 316-17. The plaintiffs allege that Pavis-Rounds visited her son at the Massachusetts Institute of Technology between 2011 and 2013 and received treatments from a Boston dentist in August 2013. Pavis-Rounds currently resides in France and owns a home in

Maine. It is undisputed that Pavis-Rounds has never owned property in Massachusetts and never lived in Massachusetts. Ultimately, Pavis-Rounds' isolated contacts with the forum state are insufficient to satisfy the "continuous and systematic" contacts required for general personal jurisdiction. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416-17 (1984) (no general jurisdiction where chief executive officer visited the forum state to negotiate contracts, accepted checks from a bank in the forum state, and sent personnel to the forum state for training); Brabner v. Chow, No. 13-cv-10324-FDS, 2014 WL 1404702, at *6 (D. Mass. Apr. 9, 2014) (no general jurisdiction where the defendant emailed, called, and wrote letters to the plaintiffs and visited the forum state for four days).

### B. Specific Jurisdiction

Specific jurisdiction may be exercised when there is an affiliation between the defendant's contacts with the forum state and the controversy. Helicopteros Nacionales de Columbia, S.A., 466 U.S. at 414 & n.8 (citing Shaffer v. Heitner, 433 U.S. 186, 204 (1977)); see United Elec. Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088-89 (1st Cir. 1992). Three requirements must be satisfied to make a showing of specific jurisdiction: relatedness, purposeful availment, and reasonableness. United Elec. Radio & Mach. Workers of Am., 960 F.2d at 1089.

#### i. *Relatedness*

Under the relatedness requirement, "the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities." Id. The defendants have asserted claims for breach of fiduciary duty and conversion and make a demand for an accounting. The plaintiffs allege that the defendant sent periodic reports of trust assets to Massachusetts by email and regular mail. The only claim related to those activities is the plaintiffs' demand for an

3

accounting, in which the plaintiffs allege that the defendant failed to comply with the accounting and reporting duties set forth in the trust.

For purposes of the relatedness inquiry, "[a] breach of fiduciary duty occurs where the fiduciary acts disloyally," not where the effects of that breach are felt. Phillips Exeter Acad. v. Howard Phillips Fund, Inc., 196 F.3d 284, 291 (1st Cir. 1999). Likewise, the relatedness inquiry for conversion focuses on the location where the defendant committed the tort. See Swiss Am. Bank, Ltd., 274 F.3d at 622. While the alleged breaches may have had effects in Massachusetts, the actions or omissions that gave rise to the claimed breaches occurred elsewhere. Accordingly, the plaintiffs cannot satisfy the relatedness inquiry.

### ii. *Purposeful Availment*

Purposeful availment is "only satisfied when the defendant purposefully and voluntarily directs [her] activities toward the forum so that [s]he should expect, by virtue of the benefit [s]he receives, to be subject to the court's jurisdiction based on these contacts." Id. at 624. In trust cases,

> it is not enough to prove that a defendant agreed to act as the trustee of a trust that benefitted a resident of the forum state. Without evidence that the defendant actually reached out to the plaintiff's state of residence to *create* a relationship – say, by solicitation – the mere fact that the defendant willingly entered into a tendered relationship does not carry the day.

Phillips Exeter Acad., 196 F.3d at 292 (internal citations omitted). As described above, Pavis-Rounds' only activities arguably done within Massachusetts were her emails and letters reporting trust assets. The plaintiffs do not allege that Pavis-Rounds initiated their relationship through any in-state activities. Accordingly, they cannot satisfy the purposeful availment inquiry.

4

### iii. *Reasonableness*

Courts should not exercise jurisdiction over defendants when doing so would be unreasonable and contrary to fundamental fairness. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980). For determinations of reasonableness, the First Circuit looks to the following factors, also known as the "gestalt factors:"

> (1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies.

Sawtelle v. Farrell, 70 F.3d 1381, 1394 (1st Cir. 1995). First, because Pavis-Rounds lives in France, litigating in any United States court will be burdensome. The second and forth factors also weigh against the plaintiffs. While the parties differ on whether Maine or California law should govern administration of the trust, it is clear that Massachusetts law will not apply. None of the trust property is located in Massachusetts, and the trustee and two of the four beneficiaries live out of state. To be sure, Massachusetts has an interest in ensuring its residents receive fair distribution of trust assets. On balance, however, a Massachusetts federal court has minimal adjudicatory interest here: this action will be governed by out-of-state law, and the issues are probate matters, which are traditionally issues of state – and not federal – law.

## III. Conclusion

For the reasons stated herein, the defendant's Motion (dkt. no. 15) to Dismiss is GRANTED. The Complaint is DISMISSED for want of personal jurisdiction.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge